UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| UNITED STATES OF AMERICA | CRIMINAL NO. 05-10011/02 |
|---|---|
| -vs- | JUDGE DRELL |
| GEORGE JOSEPH LAHOOD, JR. | MAGISTRATE JUDGE KIRK |

## RULING AND ORDER

Before the Court is the Motion to Remain on Bond on Appeal filed March 22, 2006 by Mr. LaHood. (Document No. 76.) The United States has responded to the motion, and the Court finds no need for oral argument.

After thorough and careful review of the arguments of counsel and the record in this matter, for the reasons that follow, and in accordance with the provisions of Fed. R. App. P. 9, Defendant's Motion to Remain on Bond on Appeal is DENIED. Defendant shall surrender for service of sentence before 2:00 p.m. on March 31, 2006, as previously ordered.

## BACKGROUND

On November 2, 2005, this Court accepted Mr. LaHood's plea of guilty to Count I of the Indictment and adjudicated Defendant guilty of conspiracy to commit bank fraud in violation of 18 U.S.C. § 371. (Document No. 45.) By way of

a Judgment imposed on February 8, 2006 and signed on February 12, 2006, Defendant was committed to the custody of the United States Bureau of Prisons for a total term of eight months. Mr. LaHood was also sentenced to a term of supervised release with certain conditions and was ordered to pay enumerated criminal monetary penalties. (Document No. 57.) Through counsel, Defendant filed a Notice of Appeal regarding the sentence imposed. (Document No. 66.) Although Mr. LaHood was originally scheduled to begin serving his sentence on March 13, 2006, the Court extended the reporting date to March 31, 2006 so Defendant's counsel could submit the motion at issue. (Document No. 69.)

Mr. LaHood asserts that his appeal will focus on "the calculation of the appropriate figures to be used in computing the guidelines applicable to this case"(Document No. 76), and he refers to the arguments advanced during the February 8, 2006 sentencing proceeding.

## LAW AND ANALYSIS

18 U.S.C. § 3143(b) outlines the provisions for determining whether a person who has been found guilty of an offense and sentenced to a term of imprisonment should be released or detained during the pendency of his appeal. Interpreting this section, the Fifth Circuit Court of Appeals has explained:

> To obtain release pending appeal, a convicted defendant must establish four factors: (1) that he is not likely to flee or pose a danger to the safety of others; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that the substantial question, if decided favorably to the defendant, is likely to result in reversal, in an order for a new trial,

> in a sentence without imprisonment, or in a sentence with reduced imprisonment.

United States v. Clark, 917 F.2d 177, 179 (5th Cir. 1990). Regarding the third and fourth prongs of this test, the Fifth Circuit has defined a "substantial question" as "one that is 'close' or 'that could very well be decided the other way' by the appellate court." Id. [citing United States v. Valera-Elizondo, 761 F.2d 1020, 1024 (5th Cir. 1985)].

The Government concedes, and the Court agrees, that, based on the information currently available, Mr. LaHood is not a flight risk or a danger to the safety of any other person or the community, and his appeal does not appear to be interposed for the purpose of delay. The salient question, therefore, is whether Defendant's appeal raises a substantial question of law or fact that is likely to result in a more lenient sentence.

Defendant has not raised in his present motion any new issues regarding Guideline calculation beyond those that were explored in detail at the sentencing hearing and are reiterated in the Government's memorandum responding to this motion. (See transcript of February 8, 2006 sentencing hearing, pp. 50-52, and Document No. 77.) Neither has Defendant challenged the Court's conclusion that, looking at the calculation in the light most favorable to Mr. LaHood, the loss was at least $33,000.00. Further, after careful review and application of the Fifth Circuit's interpretation of "substantial question of law or fact," as used in 18

3

U.S.C. § 3143(b) and as set forth above, the Court does not discern that Defendant's argument on appeal has a chance of success.

Incarcerating an individual such as Mr. LaHood is the most difficult task a judge must do. The obligation of doing so and the method of arriving at such a decision must never be taken lightly, and this judge studies such decisions for hours before adjudicating them. In this case, the imposition of a sentence of confinement is less a reflection upon Mr. LaHood as a person, and more a response to his conduct, the need for balancing the situation of the individual, and society's requirement for dealing with criminal offenses for that conduct, all as is succinctly set forth in 18 U.S.C. § 3553(a). Difficult though the result may be for Mr. LaHood, following the law still compels the result here.

## CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion to Remain on Bond on Appeal (Document No. 76) is DENIED.

SIGNED on this 28th day of March, 2006, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge